UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

vs.                                          CRIMINAL ACTION NO. 3:18CR-00094-RGJ

CHESTER SHIPP, et al.                                                                     DEFENDANT

**DEFENDANT'S SENTENCING MEMORANDUM**
**(electronically filed)**

Comes the Defendant, CHESTER SHIPP,, and submits this memorandum in support of the Defendant's position for sentencing. The Presentence Investigation Report prepared by the United States Probation Office finds a total offense level of 30, Criminal History category of VI with a corresponding sentencing guideline range of 168 to 210 months, however, the sent4enced is enhanced to mandatory minimum of 25 years due to a 851 Notice of Prior Convictions.

**FACTUAL STATEMENT**

The defendant SHIPP was charged and convicted with conspiracy to possess with intent to distribute more than 50 grams or more of methamphetamine in violation of Title 21, United States Code, Section 846 (Count 1). The total amount of methamphetamine in this case is approximately 66 grams.

The Notice of Prior Conviction Pursuant to 21 U.S.C. § 851 relies on three prior offenses:

-Marion Circuit Court, Lebanon, Kentucky, case number 95CR00063, trafficking in a controlled substance;

-Marion Circuit Court, Lebanon, Kentucky, case number 93CR00018, trafficking in a controlled substance;

-United States District Court for the Western District of Kentucky, Louisville, Kentucky, case number 3:07CR-94, conspiracy to distribute cocaine.

## OBJECTION TO 851 ENHANCEMENT

The United States filed a Notice under 21 U.S.C. § 851 relying upon prior convictions:

1. Marion Circuit Court, Lebanon, Kentucky, case number 95CR00063, trafficking in a controlled substance;

According to the PSR SHIPP pleaded guilty and was later sentenced on February 7, 1994, in case number 93CR00018 to serve a sentence of 3 years imprisonment. SHIPP was released from imprisonment in this case more than 15 years prior to the instant offense and therefore this should not count as a prior conviction under 21 U.S.C. § 851 as amended by the First Step Act.

2. Marion Circuit Court, Lebanon, Kentucky, case number 93CR00018, trafficking in a controlled substance;

According to the PSR SHIPP was found guilty and later sentenced on May 24, 1996, in case number 95CR00063, to serve a sentence of imprisonment of 10 years.

SHIPP was paroled on that offense on May 24, 2004.

    3    United States District Court for the Western District of Kentucky, Louisville, Kentucky, case number 3:07CR-94, conspiracy to distribute cocaine.

According to the PSR SHIPP was found guilty and later sentenced on February 6, 2009 , in case number 3:07CR-94, to serve a sentence of 10 years imprisonment.  The question is whether a conviction under 21 U.S.C. § 846 (attempts/conspiracy) constitutes a "serious drug felony" under 21 U.S.C. § 851(e).

**21 U.S.C. § 846 Attempt and conspiracy**

"Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

This statute does not require that any actual drug offense ever occur.  The statute is directed toward attempts and agreements regardless of the occurrence of an actual offense involving drugs.  This statute encompasses conduct that would otherwise not qualify as a serious drug felony.

A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

    1.    that two or more persons, conspired, or agreed, to commit the crime of distribution of a controlled substance; and

      2.      that the defendant knowingly and voluntarily joined the conspiracy.

      3.      the object of the unlawful plan was to distribute a controlled substance.

With regard to the first element - - a criminal agreement - - the government must only prove that two or more persons conspired, or agreed to cooperate with each other to commit the crime of distribution of a controlled substance. SHIPP objects to this being counted as a prior conviction as a "serious drug felony" under 21 U.S.C. § 851(e), in that not actual drug offense ever occur as a basis for the conviction under this statute.

Under § 841(b)(1)(A), "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of 25 years imprisonment without release . . . ." 21 U.S.C. § 841(b)(1)(A) (emphases added).

In this case, the jury did not determine that petitioners committed the § 846 conspiracy after the convictions alleged in the separate § 851 information became final. Instead, the United States is asking the Court to make the findings under § 851 at sentencing.

Under Apprendi and Alleyne, a defendant has a Fifth and Sixth Amendment right to have any fact that triggers an enhanced maximum sentence or a mandatory minimum sentence to be alleged in the indictment and proven to the jury beyond a reasonable doubt. There is a "limited" exception to this rule, created in Almendarez-Torres, which allows a court at the time of sentencing to enhance a defendant's sentence based on the fact of a

prior conviction. See Alleyne, 570 U.S. at 111 n.1.

On multiple occasions, members of this Supreme Court have suggested that Almendarez-Torres was wrongly decided and should be overruled. See, e.g., Mathis v. United States, 136 S. Ct. 2243, 2258-59 (2016) (Thomas, J., concurring); Rangel-Reyes v. United States, 126 S. Ct. 2873, 2874-75 (2006) (statements of Stevens and Thomas, JJ., respecting denial of certiorari). In Mathis, this Court recently emphasized that, under Apprendi and its progeny, a judge "can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of." Mathis, 136 S. Ct. at 2252. Thus, a court can determine the elements of the alleged prior conviction and whether it constitutes a qualifying offense under a categorical approach. Under the Sixth Amendment, however, a judge cannot determine that the defendant committed the instant offense after the alleged prior conviction. This limitation on Almendarez-Torres is being violated in this case because the jury did not make a specific finding that the alleged prior convictions became final before SHIPP committed the § 846 conspiracy.

Furthermore, the jury never made a finding that SHIPP participated in drug trafficking activity after his prior convictions such that his conspiratorial conduct constituted a separate criminal episode. This Court should hold that, as a matter of statutory construction, a conviction alleged as an overt act in a § 846 conspiracy cannot be used to enhance a sentence under § 841(b) and 851.

Counsel adopts the 851 Objections filed by SHIPP.  (DE 136, Objections to Presentence Report)

## MOTION FOR NEW TRIAL

SHIPP filed a Motion for New Trial on April 23, 2020.  (DE 152, Motion for New Trial)(DE 161, Reply to Response ).  That motion is still pending before the Court at this time.  Counsel adopts the Motion for New Trial filed by SHIPP.  (DE 152, Motion for New Trial)(DE 161, Reply to Response ).

## MOTION TO VACATE

SHIPP filed a Motion to Vacate on July 29, 2020.  (DE 168, Motion to Vacate). That motion was denied.  ( DE 177, Order).

## MOTION TO DISMISS INDICTMENT

SHIPP filed a Motion to Dismiss Indictment  on July 29, 2020.  (DE 169, Motion to Dismiss).  That motion was denied.  ( DE 177, Order).

## OBJECTIONS PSR AND TO 851 ENHANCEMENT

**Page 1. Codefendants:**

Matthew Smothers has now been sentenced to 37months

Patricia McNear has now been sentenced to 37 months

**Page 2.  Alternate ID's:**

SHIPP has never used either of these dates as his date of birth and is unfamiliar with the source of this Alternate ID information.  SHIP's date of birth is January 2, 1960.

¶ **5**: There was **no plea agreement** filed in this case.

¶ **9**: SHIPP was never charged with "ICE" not was the jury instructed to find "ICE".  The Indictment in this case charges SHIPP with "conspir[ing] to knowingly and intentionally distribute 50 grams or more of methamphetamine."  Ice, or crystal meth, refers to the rock or glass-like form of methamphetamine. The most important difference between ice and other forms of meth is its strength and purity.  SHIPP was not charged with conspir[ing] to knowingly and intentionally distribute 50 grams or more of "ICE" nor was there any evidence introduced at trial that the substance was in fact "ICE".

¶ **12**: SHIPP never denied that he distributed drugs in this case. The issue at trial was whether SHIPP conspired with Smothers and McNear to do so.

¶ **13 - 22:** SHIPP objects to the USSG manual being used **in t**hat the sentence in this case is governed by the statute and not the USSG manual.  To the extent that the USSG are applicable, SHIPP further objects;

¶ **14:** SHIPP objects to the reference and use of ICE in determining the applicable guideline range, in that there is no evidence that the substance was the chemical compound of ICE as opposed to methamphetamine. The base offense level for 66 grams of methamphetamine (actual) and/or "ICE" is a base offense level 30, however, a base offense level for methamphetamine as charged in the indictment is an offense level 24 (50 grams but less than 200 grams of methamphetamine). See USSG 2D1.1( c )(8).

¶ **19:** SHIPP objects to the base offense level of 30. The base offense level should be 24. See USSG 2D1.1( c )(8).

¶ **21:** SHIPP objects to not receiving a decrease for acceptance of responsibility in that he never denied distributing methamphetamine. The issue at trial in this case was a challenge to the charge that SHIPP did so as part of a conspiracy with Smothers and McNear. SHIPP objects to not receiving at least a 2 level reduction for acceptance of responsibility.

¶ **21:** SHIPP objects to a total offense level of 30. The total offense level after the reduction for acceptance of responsibility should be a Total Offense Level of 22.

¶ **29, 30, 31, 32, 33:** SHIPP objects to the 3 criminal history points for each of these identified offenses. The sentences for all 5 offenses were ran concurrently with each other for time served.

¶ **29**: SHIPP objects to 3 criminal history points for the conviction on the basis that the conviction was over 15 years prior to the instant offense. See USSG 4A1.2(e)(1).

SHIPP was sentence to 3 years to serve in 1994, well outside 15 years of the commission of the instant offense.

¶ 30: SHIPP objects to 3 criminal history points for the conviction on the basis that the conviction was over 15 years prior to the instant offense. See USSG 4A1.2(e)(1). SHIPP was sentence to 5 years to serve in 1994, well outside 15 years of the commission of the instant offense.

¶ 31: SHIPP objects to 3 criminal history points for the conviction on the basis that the conviction was over 15 years prior to the instant offense. See USSG 4A1.2(e)(1). SHIPP was sentence to 5 years to serve in 1995, well outside 15 years of the commission of the instant offense.

¶ 34: SHIPP objects to the criminal history score of 15. The criminal history score should be 3 criminal history points.

¶ 35: SHIPP objects to 2 criminal history points applied because the instant offense occurred while SHIPP was under a criminal history sentence. The issue as to whether SHIPP was subject to a 8 year term of supervised release on his prior conviction is presently on appeal before the Sixth Circuit Court of Appeals.

¶ 36: SHIPP objects to the criminal history score of 17. The criminal history score should be 3 criminal history points, and no more than 5 criminal history points.

¶ 41, 42, 43, 44, 45,47,48: SHIPP objects to these charges being included separately in the PSR in that those charges were all adopted by the United States and

prosecuted federally in connection with the 3:07CR-94 case. This is misleading in that it appears that SHIPP had substantially more charges that are in fact duplicates of those prosecuted in the federal case.

¶ 34: SHIPP objects to this charge being included in the PSR in that the charges were dismissed. SHIPP further objects to the representation that the charges were dismissed due to federal prosecution in that those charges were not prosecuted by federal authorities.

¶ 52: SHIPP objects in that the PSR should reflect that SHIPP would reside with his son or daughter upon release.

¶ 63: SHIPP objects to the mandatory minimum sentence of 25 years. The statutory mandatory minimum is 10 years. 21 U.S.C. § 841(b)(1)(A). SHIPP objects to any enhancement under 21 U.S.C. § 851 and to the application of the mandatory minimum sentence of 10 years. The mandatory minimum in this case should be 5 years based upon the quantity of methamphetamine involved in this case.

¶ 64: SHIPP objects to a base offense level of 30, criminal history category VI, with an advisory guideline range of 168 - 210 months. The base offense level should be 22, criminal history II, with an advisory guideline range of 46 - 57 months. SHIPP also objects to the mandatory minimum sentence of 25 years. There should not be mandatory minimum in this case. The statute regarding methamphetamine and ":actual methamphetamine tracks that previously related to cocaine and base cocaine." That

statute has undergone substantial changes due to racial discrimination and other flaws that abound similarly in the present statute without any significant distinctions or categorical scientific proof to justify the disparity between the two substances. See **Fair Sentencing Act; First Step Act.** See also, Kimbrough v United States, 552 U.S. 85 (2007).

¶ 66: SHIPP objects to a statutory term of supervised release of 10 years. The statutory term of supervised release should be 5 years.

¶ 67: SHIPP objects to a guideline term of supervised release of 10 years. The guideline term of supervised release should be 2 to 5 years.

¶ 68: SHIPP objects to a guideline term of supervised release of 10 years. The guideline term of supervised release should be 2 to 5 years.

Counsel adopts the Objections filed by SHIPP. (DE 136, Objections to Presentence Report).

## SENTENCING RECOMMENDATION

**1.      Discretion of the Sentencing Court**

The sentencing guidelines create an advisory sentencing scheme. United States v. Booker, 125 S.Ct. 738, 757 (2005). The sentencing court is required to consider the guideline range, but permits the court to tailor the sentence in light of other statutory concerns as well. Id.. See also, 18 U.S.C. § 3553(a). After Booker, district courts are to consider all of the factors in Section 3553(a), of which the guideline range is just one

part. In United States v. Webb 2005 WL 763367 (6th Cir. 2005), the Sixth Circuit stated that "[w]e read Booker as instructing appellate courts in determining the reasonableness to consider not only the length of sentence but also the factors evaluated and the procedure employed by the district court in reaching the sentencing determination. Thus we may conclude that a sentence is unreasonable when the district court fails to "consider" the applicable guideline range of neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems to be the appropriate sentence without such required consideration." Booker, 125 S.Ct. at 757(noting that the sentencing court is "require[d] . . . to consider Guidelines range" but may "tailor the sentence in light of other statutory concerns as well, see § 3553(a).").

The Court went on to explain, that "[w]hile we decline to indicate what weight the district court must give to the appropriate Guideline range, or any other § 3553(a) factor, we also decline to hold that a sentence within the proper Guideline range is *per se* reasonable. Such a per-se test is not only inconsistent with the meaning of "reasonableness," Crosby 397 F.3d at 115 (noting that reasonableness is "a concept of flexible meaning, generally lacking precise boundaries"), but is also inconsistent withe the Supreme Court's decision in Booker, as such a standard "would effectively reinstated the mandatory adherence of the Guidelines." Crosby 397 F.3d at 115. See also Webb 2005 WL 763367, at n. 9.

The district court judge "must [instead] make an individualized assessment based upon a thorough consideration of all of the § 3553(a) factors. United States v. Bolds, 511

F.3d 568, 580-81 (6th Cir. 2007)(*quoting* Gall v. United States, 552 U.S. 38, 50 (2007). For though the Sentencing Commission "fills an important institutional role" in promulgating the guidelines, the sentencing judge "has greater familiarity with the individual case and the individual defendant before him . . . [and] is therefore in a superior position to find facts and judge their import under § 3553(a) in each particular case." Kimbrough v. United States, 552 U.S. 85, 109 (2007).

The sentencing court is to consider the following:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

SHIPP is charged small gram sales of methamphetamine and is not a major drug trafficker

2. The need for the sentence imposed;

SHIPP has been on bond since July 16, 2018 and has demonstrated an ability to comply with the terms and conditions of bond/probation.

3. The kinds of sentences available;

SHIPP not eligible for probation. 18 U.S.C. § 3561( c )(1).

4. The kind of sentence and the range established by the guidelines;

The Presentence Investigation Report prepared by the United States Probation Office finds a total offense level of 30, Criminal History category of VII with a corresponding sentencing guideline range of 168 - 210 months.

5. Any pertinent policy statements;

To the extent that the guidelines are properly calculated they ignore important sentencing concerns to achieve a sentencing result that is "sufficient but not greater than necessary to comply with the purposes of sentencing." 18 U.S.C. § 3552(a).

6.  The need to avoid unwarranted sentencing disparity among defendants with similar records have been found guilty of similar conduct; and

Matthew Smother (co-defendant) sentenced to 37 months imprisonment

Patricia McNear (co-defendant) sentenced to 37 months imprisonment

7.  The need for restitution.

There is no restitution owed by SHIPP in this case.

## 2. Punishment and Deterrence

A criminal sentence refers to the formal legal consequences associated with a conviction. Sentences primarily serve two purposes:

First, they serve the goal of deterring future crime by both the convict and by other individuals contemplating a committal of the same crime.

Second, a sentence serves the goal of retribution, which posits that the criminal deserves punishment for having acted criminally.

When sentencing, a judge must impose the least severe sentence that still achieves both goals, while also considering the need for societal protection. The principle of general deterrence is based on the misguided premise that lengthy prison sentences deter crime. This faulty conception has resulted in the mass incarceration of individuals in the United States.

> For the past 40 years, the United States has been engaged in avast, costly social experiment. It has incarcerated a higher percentage of its people, and for a longer period, than any other democracy. In fact, with 5 percent of the world's population, the U.S. is home to 25 percent of its prisoners. There are five times as many people incarcerated today than there were in 1970. . . [The] archipelago of prisons and jails costs more than $80 billion annually — about equivalent to the budget of the federal Department of Education.

Dr. Oliver Roeder et al., *What Caused the Crime Decline*?, Brennan Center for Just., 22-23 (Feb. 12, 2015), *available at* https://www.brennancenter.org/publication/what caused-crime-decline.

The condition of mass incarceration is especially troubling since there is no correlation between punishment and reductions in crime. See id. see also Gary Kleck and J.C. Barnes, *Deterrence and Macro-Level Perceptions of Punishment Risks:  Is Therea "Collective Wisdom"* (2013).Kleck and Barnes' study concludes:

> there is generally no significant association between perceptions of punishment levels and the actual levels of punishment that the criminal justice system achieves. This in turn implies that increases in punishment levels do not routinely reduce crime through general deterrence mechanisms, because the fundamental link between actual punishment levels and perceptions of punishment levels appears to be weak to nonexistent.

(*Id.* at 1031).

The United States Department of Justice agrees with the conclusion that incarcerating defendants is not an effective means of deterrence. *See* U.S. Dept. of Justice, Nat'l Inst. of Justice, *Five Things About Deterrence* (July 2014). In fact, the Department of Justice finds that even increasing the severity of punishment does little to

deter crime. See id.. First, incarceration has a negligible impact on crime prevention and longer prison sentences may actually lead to a greater risk of recidivism. See id.

### 3. Recommendation

SHIPP asks the Court to consider all of the factors surrounding her offense and impose a reasonable sentence based upon the facts and circumstances of this case.

Based upon the facts and circumstances, the nature of the offense, and the age and health of SHIPP a sentence of no more than 37 months is appropriate in this case as demonstrated by that imposed as to all other co-defendants in this case.

To the extent that the guidelines are properly calculated they ignore important sentencing concerns to achieve a sentencing result that is "sufficient but not greater than necessary to comply with the purposes of sentencing." 18 U.S.C. § 3552(a). After considering all the factors contained in 3553(a) the defendant submits that a sentence of 3 years probation is "sufficient but not greater than necessary to comply with the purposes of sentencing." 18 U.S.C. § 3552(a).

                      Respectfully submitted

                      /S/ James A. Earhart
                      James A. Earhart
                      2819 Seventh Street Road
                      Louisville Kentucky 40215
                      502-599-6864

<u>Certificate of Service</u>

    I hereby certify that on October 22, 2020, a copy of the foregoing Sentencing Memorandum was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

        /S/ James A. Earhart
        James A. Earhart